FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENOW-TAMBONG AGBOR-BAIYEE, an individual,<br><br>                    Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a department of the State of Washington; JAMES KEY, an individual; and MEGAN WOODS, an individual,<br><br>                    Defendants. | NO. 2:21-CV-0054-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 23). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This matter arises out of Plaintiff's employment with the Washington Department of Corrections. *See* ECF No. 1-1. Plaintiff alleges Defendants violated federal and state law by discriminating and retaliating against him for his free speech activities. *Id*. Defendants move for summary judgment on all of Plaintiff's claims. ECF No. 23. The following facts are not in dispute except where noted.

Plaintiff began working for Defendant Department of Corrections ("DOC") in May 2020. ECF No. 24 at 1, ¶ 1. After the employment on-boarding process, Plaintiff attended Core Academy training in Walla Walla, Washington. *Id*. at 2, ¶ 5. After training began at Core Academy, Plaintiff and all other students received a participant packet, which contained information on student expectations. *Id*. at ¶¶ 11–12. Plaintiff read and signed the expectations. *Id*. at 3, ¶ 14. One of the expectations required students to wear the "uniforms provided per policy" during classroom sessions. *Id*. at ¶ 15. During Control Tactics training, the expectations permitted students to wear sweats, but prohibited certain other clothing, including "clothing with logos." *Id*. at ¶ 16. The expectations also outlined the Academy's cell phone policies. *Id*. at ¶ 17.

Sometime in late May, one of the instructors for Core Academy wore a Police Lives Matter shirt to the Academy. *Id*. at 8, ¶ 65. On June 2, 2020, Plaintiff

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

1 submitted an anonymous "debrief" to Defendant Woods, who was the Academy
2 Coordinator, criticizing the instructor's wearing of the Police Lives Matter shirt.
3 ECF No. 32 at 3, ¶ 8.  The purpose of the debriefs was to allow students to submit
4 feedback about their instruction.  ECF No. 24 at 8, ¶ 67.  Debriefs were submitted
5 anonymously, but Defendant Woods recalled later recognizing the handwriting as
6 Plaintiff's.  *Id*. at ¶ 68; ECF No. 32 at 3, ¶ 10.  No action was taken with regard to
7 Plaintiff's debrief.  ECF Nos. 24 at 8, ¶ 71; 32 at 4, ¶ 12.

8     Thereafter, some Core Academy students began wearing Police Lives
9 Matter/Blue Lives Matter shirts.  ECF No. 24 at 8, ¶ 72.  Plaintiff then wore a
10 Black Lives Matter shirt.  *Id*. at ¶ 73.  At that point, instructors recognized that the
11 competing messages of the shirts "were creating tension in the class and interfering
12 with the learning environment."  *Id*. at 9, ¶ 74.  Defendant Woods told Plaintiff his
13 shirt was inappropriate, but she took no further action.  ECF No. 36 at 7.  Plaintiff
14 testified that he walked away after her comment.  *Id*.  The next day, DOC enforced
15 its no-logo policy and announced the policy enforcement to Plaintiff and his entire
16 class.  ECF No. 24 at 9, ¶¶ 75–78.  Several students were required to change after
17 the announcement.  *Id*. at ¶ 78.

18     Later in June, Plaintiff was called back from Core Academy training to meet
19 with Assistant Superintendent Kay Heinrich.  *Id*. at 10, ¶ 87.  At the meeting,
20 Plaintiff was informed his on-call employment at the DOC facility in Airway

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 3

Heights was being terminated; Plaintiff was not provided a reason for the termination at the time. *Id.* at ¶¶ 88–89. The decision to terminate Plaintiff's employment was made by Defendant Key, who is the final decisionmaker with respect to employment at the DOC facility in Airway Heights. *Id.* at 9, ¶ 81. Defendant Key based his decision to terminate Plaintiff on reports that Plaintiff had violated the cell phone policy at Core Academy on numerous occasions and had been involved in a traffic stop while in uniform. *Id.* at 9–10, ¶¶ 82–83; *see also id.* at 4, ¶¶ 24–32, at 5–6, ¶¶ 38–44, at 6–7, ¶¶ 49–55. Defendant Key was not aware of the Police Lives Matter/Black Lives Matter shirt incidents. *Id.* at 10, ¶ 84.

## DISCUSSION

### I.     Legal Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify

1  specific facts showing there is a genuine issue of material fact. *See Anderson v.*
2  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla
3  of evidence in support of the plaintiff's position will be insufficient; there must be
4  evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

5        For purposes of summary judgment, a fact is "material" if it might affect the
6  outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is
7  "genuine" only where the evidence is such that a reasonable jury could find in
8  favor of the non-moving party. *Id.* The Court views the facts, and all rational
9  inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
10 *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted
11 "against a party who fails to make a showing sufficient to establish the existence of
12 an element essential to that party's case, and on which that party will bear the
13 burden of proof at trial." *Celotex*, 477 U.S. at 322.

14       **A. Section 1983, First Amendment Free Speech**

15       Plaintiff alleges Defendants Key and Woods violated 42 U.S.C. § 1983 by
16 discriminating and retaliating against him after he engaged in First Amendment
17 protected speech. ECF No. 1-1 at 5, ¶¶ 3.1–3.4. Defendants move for summary
18 judgment on Plaintiff's § 1983 claim on the grounds that Plaintiff has failed to
19 articulate a prima facie case. ECF No. 23 at 10.
20       "[A] governmental employer may impose certain restraints on the speech of

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 5

its employees, restraints that would be unconstitutional if applied to the general public." *City of San Diego v. Roe*, 543 U.S. 77, 80 (2004). To determine whether a public employee has alleged a violation of First Amendment rights as a result of retaliation for his speech, courts consider whether (1) the plaintiff spoke on a matter of public concern; (2) the plaintiff spoke as a private citizen or public employee; (3) the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) the state had an adequate justification for treating the employee differently from other members of the general public; and (5) the state would have taken the adverse employment action even absent the protected speech. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1103 (9th Cir. 2011). The plaintiff bears the burden of proof on the first three areas of inquiry, but the burden shifts to the government to prove the last two. *Id.*

        1. *Matter of Public Concern*

As to the first prima facie element, when determining whether an employee is speaking on a matter of public concern, courts look to the "content, form, and context of a given statement, revealed by the whole record." *Roe*, 543 U.S. at 83 (quoting *Connick v. Myers*, 461 U.S. 138, 146–47 (1983)); *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 978 (2002). If the speech in question is a matter of public concern, courts apply the *Pickering* balancing test, which evaluates "restraints on a public employee's speech to balance 'the interests of the

1  [employee], as a citizen, in commenting upon matters of public concern and the
2  interest of the State, as an employer, in promoting the efficiency of the public
3  services it performs through its employees.'" *Id.* (quoting *Pickering v. Board of*
4  *Education of Township High School District 205 Will Cnty., Ill.,* 391 U.S. 563, 568
5  (1968)).

      a. <u>Content</u>

7      If the content of the speech addresses issues about the operation of
8  government and provides the public with information to facilitate making informed
9  decisions, the speech may fall within the boundaries of public concern. *Ulrich*,
10 308 F.3d at 978. Conversely, when a public employee speaks on matters of
11 personal interest, "a federal court is not the appropriate forum in which to review
12 the wisdom of a personnel decision taken by a public agency allegedly in reaction
13 to the employee's behavior." *Id*.
14     Here, Plaintiff contends his speech is a matter of public concern because the
15 Black Lives Matter movement addresses social and political concerns about racial
16 inequality. ECF No. 31 at 16. Defendants argue Plaintiff's complaint about the
17 Police Lives Matter shirt and subsequent decision to wear a Black Lives Matter
18 shirt was in response to Defendants' failure to enforce its no-logo policy, not in
19 response to a broader matter of public concern. ECF No. 35 at 2.
20     The Court agrees with Defendants. As Plaintiff notes, he submitted an

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7

internal debrief criticizing an instructor for wearing a Police Lives Matter shirt. ECF No. 32 at 2–4, ¶¶ 6–13. When no action was taken to enforce the no-logo attire requirement, and several students began wearing Police Lives Matter/Blue Lives Matter shirts, Plaintiff decided to wear a Black Lives Matter shirt. *Id*. at 4, ¶ 15. Plaintiff did not initiate a conversation about the issues on which the Black Lives Matter movement focuses but was acting in his own personal interest by responding to the failures of his workplace to conform to their own stated uniform policies. This element weighs against a finding that Plaintiff's speech was a matter of public concern.

### b. Form and Context

As to form and context, courts look to the purpose of the speech, focusing on the employee's motivation and the chosen audience. *Ulrich*, 308 F.3d at 978. Plaintiff's complaint regarding the Police Lives Matter shirt was sent internally to the Academy coordinator using the Academy's standard debrief evaluation process. ECF No. 32 at 3, ¶¶ 8, 9, 11. Plaintiff does not indicate he disseminated the complaint to the public or even to any other internal supervisors or staff. Plaintiff's subsequent decision to wear the Black Lives Matter shirt was directed at Academy instructors and Defendant Woods after they failed to address Plaintiff's complaint and failed to enforce the no-logo policy. *Id*. at 4, ¶¶ 15–16. Because Plaintiff's motivation and chosen audience were isolated to his internal work

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

1  environment, these factors also weigh against a finding that Plaintiff's speech was
2  a matter of public concern.
3        Taken as a whole, the record for this matter reveals Plaintiff's speech was
4  not a matter of public concern because of its content, form, and context.  Rather,
5  Plaintiff was acting in personal interest and responding to his internal work
6  environment.  Plaintiff's speech is more akin to "internal power struggles within
7  the workplace," which the Supreme Court and Ninth Circuit have consistently
8  excluded from protected public employee speech.  *See e.g., Tucker v. State of Cal.*
9  *Dep't of Educ.*, 97 F.3d 1204, 1210 (9th Cir. 1996); *National Treasury Employees*
10 *Union v. Unites States*, 990 F.2d 1271 (D.C. Cir. 1993), *aff'd in relevant part,*
11 *rev'd in part on other grounds*, 513 U.S. 454 (1995).
12       While a failure to meet one element of this prima facie case is fatal to
13 Plaintiff's case, the Court will briefly address the remaining elements for clarity.
14 *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013).
15       2.  *Private Citizen or Public Employee*
16       Regarding whether Plaintiff was speaking as a private citizen or public
17 employee, it is clear he was speaking as a public employee.  Plaintiff's speech was
18 made internally to the Academy coordinator and his colleagues; his speech was
19 directed at internal policies and the failure to uphold those policies; and Plaintiff
20 followed the internal procedures for reporting his complaint.  *See Hagen v. City of*

*Eugene*, 736 F.3d 1251 (9th Cir. 2013) (finding the plaintiff spoke as a public employee where his concerns were directed to his coworkers and superiors, related to employee safety, and the speech occurred within the plaintiff's chain of command).

### 3. *Substantial or Motivating Factor*

Next, Plaintiff's speech was not a substantial or motivating factor in the adverse employment action. Defendant Key is the final decisionmaker regarding employment actions at the DOC facility in Airway Heights. ECF No. 24 at 9, ¶ 81. Defendant Key was unaware of the Police Lives Matter and Black Lives Matter shirt incidents or of Plaintiff's complaint filed with Ms. Woods. *Id*. at 9, ¶¶ 79–80. Accordingly, his decision to terminate Plaintiff's employment could not have been motivated by Plaintiff's speech activities.

Viewing the evidence in a light most favorable to Plaintiff, no reasonable jury could find Plaintiff was engaged in protected public employee free speech. Plaintiff has failed to establish the necessary elements of the prima facie case. As such, Defendants are entitled to summary judgment on Plaintiff's § 1983 claim for violation of the First Amendment. The Court need not reach Defendants' alternative theory of dismissal premised on qualified immunity.

**B. State Law Claims**

Plaintiff alleges two state law claims for violation of the Washington Law

Against Discrimination, RCW 49.60 *et seq.* ECF No. 1-1 at 6, ¶¶ 4.1–5.3. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Once the court acquires supplemental jurisdiction over state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as stated in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

Having dismissed the federal law claim asserted against Defendants, the Court declines to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed). The parties will not be prejudiced by the Court's decision because the state law claims will be dismissed without prejudice; Plaintiff may refile in state court if he so chooses. Further, the period of limitation for Plaintiff's remaining state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED**. The federal claim asserted against Defendants James Key and Megan Woods is **DISMISSED with prejudice**.

2. Any remaining state law claims are **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED September 16, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12